742

[No. 778-1.    Division One—Panel 2.    April 24, 1972.]

MITCHELL T. GREENLEE, *Appellant*, v. AAACON AUTO
TRANSPORT, INC., *Respondent*.

*Greenlee & Greenlee* and *A. Graham Greenlee*, for appel-
lant.

*Uziel & Faltys* and *Leon A. Uziel*, for respondent.

FARRIS, A.C.J.—On December 21, 1968, Mr. Greenlee en-
tered into an agreement with AAACON Auto Transport,
Inc., a New York corporation, wherein AAACON obligated
itself to transport Greenlee's automobile from Chicago, Illi-
nois, to Seattle, Washington, for an agreed tariff. When the
automobile was not transported to Seattle, Greenlee initi-
ated legal action on June 5, 1969, in Seattle, against AAA-
CON claiming damages for conversion. On August 14, 1969,
AAACON entered a general denial and as an affirmative
defense, alleged that by the terms of the agreement, the
parties were obligated to arbitrate any dispute between
them.[1]

---

[1]The agreement of the parties was evidenced by a bill of lading
signed by Greenlee on December 21, 1968, a provision of which stated:
  This bill of lading supersedes all prior written or oral representations
  of carrier and constitutes the entire agreement between shipper and
  carrier and shipper and driver and may not be changed except in
  writing signed by an officer of the carrier. This bill of lading shall be
  deemed executed by the carrier at its principal office in New York
  City. Any claim or controversy arising out of or relating to this

On November 10, 1969, AAACON obtained an order from the Supreme Court of New York staying litigation pending arbitration, but it is conceded on appeal that the order was not a final judgment and is not within the protection of the full faith and credit clause of article 4, section 1 of the United States Constitution. In March, 1970, AAACON moved the superior court for dismissal of the cause or a stay of proceedings. An order staying proceedings was entered on May 6, 1970. Mr. Greenlee appeals that order to this court.

We have carefully reviewed the limited record that was before the trial court. A motion for summary judgment would have brought the matter squarely before that court with a record including affidavits, but the motion made was in effect a motion for judgment on the pleadings. The bill of lading upon which AAACON relied was not before the trial court, although AAACON's statement of the language of the arbitration provision set forth in its motion was not denied by Greenlee.

■ AAACON relies in part upon RCW 7.04.030 to justify the granting of the motion. This statute provides:

> If any action for legal or equitable relief or other proceedings be brought by any party to a written agreement to arbitrate, the court in which such action or proceeding is pending, upon being satisfied that any issue involved in such action or proceeding is referable to arbitration under such agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in accordance with the agreement.

Before a stay of the action may be entered pursuant to this statute, the validity of the arbitration clause should first be resolved by the trial court. The trial court must also enter a finding as to whether there is an issue involved in the proceeding which is "referable to arbitration under such

---

agreement or the performance or breach thereof shall be settled by arbitration in the city, county and state of New York in accordance with the laws of the State of New York and the rules of the American Arbitration Association.

744

agreement." *See Loving & Evans v. Blick,* 33 Cal. 2d 603, 204 P.2d 23 (1949). *See also Atkinson v. Sinclair Ref. Co.,* 370 U.S. 238, 8 L. Ed. 2d 462, 82 S. Ct. 1318 (1962). The record did not enable the trial court, nor this court, to determine what issue is in dispute or whether that issue is referable to arbitration. The pleadings merely reflect an allegation by Greenlee of the nondelivery of the car and a denial of nondelivery by AAACON, although it is not disputed on appeal that the car was not delivered.

The matter is therefore remanded to the trial court for further proceedings on the motion including findings as to the validity of the arbitration agreement and a determination of whether there exists an issue that is referable to arbitration under such agreement.

We do not intend by this ruling to imply that the trial court must take testimony. The matter may be presented in the usual manner of presenting motions in King County.

SWANSON and PEARSON, JJ., concur.